**James W. FIELDS, Petitioner-Appellant,**

**v.**

**Henry HEER, Warden, Respondent-Appellee.**

**No. 16793.**

United States Court of Appeals
Sixth Circuit.

Jan. 12, 1967.

Lewis B. Hollabaugh (Court Appointed), Nashville, Tenn., for appellant.

David W. McMackin, Nashville, Tenn., Henry C. Foutch, Asst. Atty. Gen., David W. McMackin, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., on brief; George F. McCanless, Atty. Gen., and Reporter State of Tennessee, of counsel, for appellee.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Petitioner appeals from an adverse decision rendered against him in a habeas corpus proceeding. He entered a plea of guilty to a charge of first degree murder while represented by the assistant public defender of Shelby County, Tennessee, and was sentenced to life imprisonment. He contends that he was denied effective representation by counsel and that his plea of guilty was not voluntary.

District Judge Frank Gray, Jr., conducted a full evidentiary hearing and made the following findings:

"The charge against petitioner was first degree murder. The plea of guilty was entered after an agreement was reached with the prosecuting attorney that a sentence of life imprisonment would be recommended. This was the sentence imposed.

"In his petition he seems to aver that he had two defenses which could have been offered: (1) self defense, and (2) that the man whom he admittedly shot died from pneumonia. He spe-

cifically averred that the medical report so stated the cause of death.

"The autopsy report has been made a part of the record herein and it reflects that death was caused by 'pneumonia, due to gunshot wound, chest.' It also shows that, in addition to the chest wound, decedent was also shot in the back. Petitioner admitted on the stand that he fired three shots, missing one time.

"Decedent died thirteen days after the shooting, having been in the hospital all of that time. In the meantime, petitioner had left the state within a few hours, according to his own statement, being apprehended in Chicago, Illinois, some seven months later, and more than six months after the indictment was returned against him.

"As a further circumstance bearing on petitioner's state of mind at the time of the entry of the plea of guilty, it should be pointed out that, prior to this incident, he had had a previous conviction for second degree murder.

"From the whole record, the court finds that petitioner was properly represented by counsel who advised him of his right to a trial and also advised him of the possible sentence he might receive in the event of conviction, and that petitioner entered a plea of guilty because he was fearful that under the facts of the case he might well receive either the death penalty or a sentence for a number of years which would postpone his eligibility for parole beyond the period involved in a life sentence in Tennessee. Such well-founded fear does not make the plea of guilty involuntary."

These findings are supported by substantial evidence. The judgment of the district court is affirmed.

The appreciation of the court is expressed to Mr. Lewis B. Hollabaugh of the Nashville, Tennessee, bar, for his services as court-appointed counsel for petitioner-appellant.